IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY CLIFTON, On Behalf of Herself and On Behalf of All Others Similarly Situated,** § § § § § **Plaintiff,** § § **v.** § § **FAMOUS BOURBON MANAGEMENT GROUP, INC., MANHATTAN FASHION, LLC d/b/a SCORES WEST, SILVER BOURBON, INC. d/b/a SCORES FRENCH QUARTER, TEMPTATIONS, INC. d/b/a STILETTO'S CABARET, N'AWLINS ENTERTAINMENT GROUP, INC., and GUY OLANO III, GUY OLANO, JR., JOSEPH ASCANI, and RAYMOND PALAZZOLO individually,** § § § § § § § § § § § § § § § § § **Defendants.** § | Case No. :_____ JURY TRIAL DEMANDED |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.     SUMMARY

1. N'awlins Entertainment Group, Inc. d/b/a Stiletto's Cabaret ("Stiletto's") and Guy Olano, III (hereinafter "Defendants"), require Plaintiff Kelly Clifton, (hereinafter "Plaintiff") to work as an exotic dancer at their adult entertainment club, but refuse to compensate her at the applicable minimum wage.

2. Specifically, Defendants misclassify dancers, including Plaintiff, as independent contractors. Plaintiff's only compensation is in the form of tips from club patrons; The Clubs pay no wages. In fact, Defendants require Plaintiff to pay a "house fee" in order to work in the club.

Plaintiff is also required to share her tips with Defendants and employees who do not customarily receive tips outside of a valid tip pool.

3. As a result, Defendants have failed to pay Plaintiff and all other members of the Collective minimum wage, which they are entitled to under the Fair Labor Standards Act ("FLSA").

4. Plaintiff brings this collective action against Defendants seeking damages, backpay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## III.   PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Kelly Clifton is an individual residing in Mississippi. She has worked for Defendants consistently in New Orleans, Louisiana, starting in October 2016 to the present. She lives in Hattiesburg, Mississippi, and she is the Defendants' employee. Her consent is attached hereto as Exhibit "A".

8. Opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and will file a valid consent to join this suit with the Court.

9. Famous Bourbon Management Group, Inc. is a Louisiana for-profit corporation located at 222 London Ave. Suite #100, Metairie, LA 70005. It may be served via its registered agent, Guy Olano Jr., at its physical address.

10. Manhattan Fashion, LLC is a Louisiana for-profit corporation doing business as Scores West in Harvey, Louisiana at 1555 Manhattan Blvd., Ste. 2, Harvey, LA 70058. Manhattan Fashion, LLC may be served via its registered agent, Francis J. Conway, at the corporation's physical address.

11. Silver Bourbon, Inc. is a Louisiana for-profit corporation doing business as Scores French Quarter in New Orleans, Louisiana at 416 Bourbon Street, New Orleans, LA 70130. Silver Bourbon, Inc. may be served via its registered agent, Pamela J. Olano, at 1403 West Esplanade Ave., Kenner, LA 70065.

12. Temptations, Inc. is a Louisiana for-profit corporation doing business as Stiletto's Cabaret in Metairie, Louisiana at 222 London Ave., Suite #100, Metairie, LA 70005. Temptations, Inc. may be served via its registered agent, Connie Montgomery, Esq., at 1403 W. Esplanade Ave., Kenner, LA 70065.

13. N'awlins Entertainment Group, Inc. is a Louisiana for-profit corporation located at 222 London Ave., Suite #100, Metairie, LA 70005. N'awlins Entertainment Group, Inc. may be served via its registered agent, Martin Rothman, at its physical address.

14. Guy Olano, III, upon information and belief, is an officer of Famous Bourbon Management Group, Inc. and several of its associated entities. He is named as an employer in this action due to his role in the management and operation of the corporate defendants. He may be served with process at 1201 Brockenbraugh Court, Metairie, LA 70005, or wherever else he may be found.

15. Guy Olano, Jr. is the President of Famous Bourbon Management Group, Inc. He is named as an employer in this action due to his role in the management and operation of the corporate defendants. He may be served with process at 222 London Avenue, Suite #100, Metairie, LA 70005, or wherever else he may be found.

16. Joseph Ascani, upon information and belief, works as a manager of the aforementioned adult entertainment clubs. He is named as an employer in this action due to his role in the management and operation of the corporate defendants. He may be served with process at 222 London Ave., Suite #100, Metairie, LA 70005, or wherever else he may be found.

17. Raymond Palazzolo, upon information and belief, works as a manager of the aforementioned adult entertainment clubs. He may be served with process at 1201 Chartres Street, Apt. 9, New Orleans, LA 70116, or wherever else he may be found.

18. This Court has personal jurisdiction over Famous Bourbon Management Group, Inc., Manhattan Fashion, LLC d/b/a Scores West, Silver Bourbon, Inc. d/b/a Scores French Quarter, Temptations, Inc. d/b/a Stiletto's Cabaret, and N'awlins Entertainment Group, Inc., because they are each Louisiana corporations with their principal places of business in Louisiana and are therefore considered residents of Louisiana.

19. This Court has personal jurisdiction over Guy Olano III, Guy Olano, Jr., Joseph Ascani, and Raymond Palazzolo because they each are individuals residing in Louisiana.

## IV.   COVERAGE

20. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

21. At all material times, Plaintiff and FLSA Class Members were individual employees as defined by 29 USC § 206-207.

22. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

23. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

24. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

## V. JOINT EMPLOYER ALLEGATIONS

25. Under the FLSA an individual can be employed by one employer or by more than one joint employer. *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 194 (5th Cir.1983); *Hodgson v. Griffin and Brand of McAllen, Inc.*, 471 F.2d 235 (5th Cir.), *cert. denied*, 414 U.S. 819 (1973). In joint employer contexts, each employer must meet the economic reality test. *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014).

26. Joint employers may be held jointly responsible to a shared employee under the FLSA. *See* 29 C.F.R. § 791.2. Joint employer status is present when an employee is employed by the first employer, but simultaneously benefits another person by their work. 29 C.F.R. § 791.2(a)(1). The other person is only a joint employer if that person is acting directly or indirectly in the interest of the employer in relation to the employee. *Id.* Meaning, the employers must meet the economic reality test set forth in 29 USC 203(d).

27. Each of the individual defendants, Guy Olano, III, Guy Olano, Jr., Joseph Ascani, and Raymond Palazzolo, had authority to, and did, exercise power on behalf of the corporate Defendants operating under the "umbrellas" of Defendant Famous Bourbon Management Group,

Inc. and N'awlins Entertainment Group. All Defendants are joint employers subject to joint liability for the Plaintiff's claims and claims of those similarly situated.

28.     Individual Defendants Guy Olano, III, Guy Olano, Jr., Joseph Ascani, and Raymond Palazzolo are employers under the FLSA because as officers and managers of the corporate Defendants they 1) have the power to hire and fire the dancers and other employees, 2) supervise and control employee work schedules or conditions of employment, and 3) are the individuals responsible for maintaining employment records.

29.     Upon information and belief, Defendants Guy Olano, III, Guy Olano, Jr., Joseph Ascani, Raymond Palazzolo, and/or the corporate Defendants – which are owned and/or operated or managed by the same person or persons and which employ the same persons and which use the same materials and supplies interchangeably – own and operate several businesses in the New Orleans French Quarter under the "umbrella" of Defendant Famous Bourbon Management Group, Inc.; meaning that all scheduling, payroll (or lack thereof) and employment policies are governed by the policies and procedures promulgated by the Olanos, Mr. Palazzolo and/or Mr. Ascani and that although nominally incorporated, these entities all act as a unit operating under the direct control of the Olanos, Mr. Palazzolo, and/or Mr. Ascani.

30.     Upon information and belief Guy Olano, III, Guy Olano, Jr., Raymond Palazzolo, and Joseph Ascani directed and monitored the work of Plaintiff and those similarly situated at the three adult entertainment establishments implicated in this Complaint operated by Defendants. For example, the Olanos, Mr. Palazzolo, and Mr. Ascani directly and indirectly (i) hired and fired employees of the Famous Bourbon Umbrella entities; (ii) set scheduling requirements such as shift and hour minimums; (iii) set dress code requirements; (iv) set prices for dances performed; (v)

required tip outs to other club employees that do not customarily receive tips, (vi) enforced club rules on performers, and (vii) determined house fees charged to dancers.

31. The Famous Bourbon "umbrella" entities, all of which are operated by Defendants, all share employees, operate under the same policies and procedures with respect to accounting, management, scheduling, payroll and payment practices.

32. The N'awlins Entertainment Group "umbrella" entities, all of which are operated by Defendants, all share employees, operate under the same policies and procedures with respect to accounting, management, scheduling, payroll and payment practices.

33. Plaintiff and similarly situated performers that worked at one of the entities under the Famous Bourbon umbrella or a "member club" of N'Awlins Entertainment Group all had to sign the same purported contract to work at the clubs.

## VI. FACTS

34. Defendants operate several adult entertainment clubs in Louisiana including Stiletto's Cabaret, Scores French Quarter, and Scores West (collectively "The Clubs") where the named Plaintiff and opt-in Plaintiffs worked.

35. Defendants employ exotic dancers and have employed hundreds of dancers over the years across these three locations including Stiletto's Cabaret.

36. Plaintiff Clifton is currently employed as an exotic dancer at Defendants' adult entertainment club and has worked at Stiletto's Cabaret since October 2016.

37. Plaintiff regularly works for Defendants' establishment located in New Orleans, Louisiana.

38. Plaintiff works seven hours per shift on average. Plaintiff usually works around four shifts per week.

39. Plaintiff has never received any wages during her employment with Stiletto's Cabaret.

40. During each workweek between October 2016 to the present, Defendants did not pay Plaintiff the federally mandated minimum wage.

41. Similarly, Opt-In Plaintiffs do not work a single hour at The Clubs where they are paid the federally mandated minimum wage of $7.25 an hour.

42. In fact, Plaintiff and the FLSA class pay to work at The Clubs. Plaintiff and FLSA Class Members are classified by Defendants as independent contractors who paid a fee to work at The Clubs.

43. Plaintiff and FLSA Class Members are compensated exclusively through tips from Defendants' customers. That is, Defendants do not pay them whatsoever for any hours worked at its establishment.

44. Furthermore, Defendants charge Plaintiff and FLSA Class Members a fee per shift worked. In other words, they have to pay to work at The Clubs and sometimes complete a full shift only to owe The Clubs money.

45. Defendants also require Plaintiff and Class Members to share their tips with other non-service employees who do not customarily receive tips, such as DJs, house moms, and bouncers.

46. Plaintiff and Class Members receive tips and/or dance fees from Defendants' customers, but no other form of payment from their employer.

47. The money received by The Clubs after a shift of dance performances are not included in Defendants' gross sales receipts and are not disbursed in any way as wages to any workers.

48. Defendants illegally classify the dancers as independent contractors. However, at all times, Plaintiff and Opt-In Plaintiffs have been employees of Defendants under the FLSA. At all times, Defendants require Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

49. Defendants hire/fire, issue pay, supervise, direct, discipline, and perform all other duties generally associated with that of an employer with regard to the dancers.

50. The following non-exhaustive list of policies and procedures in effect during the relevant statutory period demonstrates the dancers' status as employees and/or supports their claims:

   a. Defendants required dancers to stay a minimum of six hours each shift;

   b. Defendants make dancers pay a house fee that increases with the time of the night;

   c. Defendants required Plaintiff and dancers to pay a "house" fee to come work each shift that increased with each hour ranging from about $20 to $50;

   d. If a dancer worked a day shift and then stayed to work the night shift, Defendants charged her two house fees;

   e. Defendants unilaterally make the decision not to pay any wages to dancers;

   f. Defendants provide the dancers with music, stages, poles, and other tools to perform dances; the dancer only provides her own body;

   g. Defendants mandate that dancers pay a minimum tip out per shift of $5 to security, $5 to the door guard, and 20% of earnings to the DJ;

    h.      Defendants required dancers to pay tips to the club managers;

    i.      Defendants require dancers to clock in and out;

    j.      Defendants apply fines/fees to the dancers if they fail to follow Defendants' guidelines or directions;

    k.      Defendants require dancers to split their earnings from performing dances for customers with the club;

    l.      Defendants maintain the premises – including the stage, and a state-of-the-art audio set up;

    m.      Defendants hire all employees of The Clubs– the dancers, DJ's, bouncers, managers, and employ dozens of dancers at one time; and

    n.      Defendants employ many dancers, including the named Plaintiff, for several months or years.

51. Defendants misclassify Plaintiff and FLSA Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA.

52. Plaintiff and FLSA Class Members constitute the workforce without which Defendants could not perform their services.

53. Plaintiff and FLSA Class Members are not exempt from the minimum wage requirements under the FLSA.

54. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA is willful and is not based on a good faith and reasonable belief that its conduct complied with the FLSA.

55. Defendants misclassify Plaintiff and FLSA Class Members with the sole intent to avoid paying them in accordance with the FLSA. There are multiple federal court opinions finding

that this method of compensation is in violation of the FLSA, and therefore, the Defendants' conduct is willful.

### VII.  FLSA COLLECTIVE ALLEGATIONS

56. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

57. Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff works with other dancers who work, or have worked, at The Clubs. As such, Plaintiff has first-hand personal knowledge of the same pay violations at The Clubs for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences including wage and tip confiscations, like those described in this complaint.

58. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

59. Other employees similarly situated to Plaintiff work or have worked for Defendants' gentlemen's club business but were not paid minimum wage.

60. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

61. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors, and/or the denial of minimum wage.

62. Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

63. The experiences of Plaintiff, concerning her pay, are typical of the experiences of the FLSA Class Members.

64. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

65. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

66. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

67. As such, Plaintiff brings her FLSA claims as a collective action on behalf of the following class:

> **Current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present at the Scores West, Scores French Quarter, or Stilettos Cabaret locations.**

### VIII.   CAUSES OF ACTION

**COUNT I:**
**Failure to pay federal minimum wage**
**(Collective Action)**

68. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

69. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

70. At all times, Plaintiff and FLSA Class Members were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants was their "employer." Defendants, as the Plaintiffs'

employer, was obligated to compensate Plaintiff and FLSA Class Members for all hours worked at an hourly rate not less than the federal minimum wage.

71. At all times relevant, Defendants paid Plaintiff and FLSA Class Members nothing for all hours worked. In fact, when the deductions and withholdings that Defendants took from Plaintiff and FLSA Class Members are factored in, Defendants often paid Plaintiff and/or FLSA Class Members less than nothing for hours worked each week.

72. Defendants' willful practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206.

73. The FLSA requires that Defendants allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers. As set forth above, Defendants have failed to pay Plaintiff and FLSA Class Members at hourly rates in compliance with the federal minimum wage requirements. Without legal excuse or justification, Defendants have kept and/or assigned to management tips and gratuities received by Plaintiff and FLSA Class Members and belonging to Plaintiff and FLSA Class Members.

74. As also alleged above, the Defendants' practice of collecting house fees from the dancers and requiring them to share tips with other club employees that do not customarily receive tips also violates the law.

75. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

**COUNT II:**
**Unlawful tip sharing**
**(Collective Action)**

76. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

13

77. Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

78. As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the FLSA, 29 U.S.C. § 203(m).

79. Taking tips outside of a valid tip pool, or generally passing onto employees the cost of doing business is illegal under the FLSA.

## IX. DAMAGES SOUGHT

80. Plaintiff and FLSA Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate under and federal law.

81. Plaintiff and Class Members are also entitled to recover all of the money Defendants misappropriated, such as house fees, forced tips, and wages taken after their performances.

82. An award of statutory liquidated damages in amounts prescribed by the FLSA.

83. An award of attorneys' fees and costs under the FLSA.

## PRAYER FOR RELIEF

For these reasons, Plaintiff and FLSA Class Members respectfully request that judgment be entered in their favor awarding the damages requested above. Plaintiff also requests for such other and further relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and FLSA Class Members hereby demand a trial by jury in this action.

    Respectfully submitted,

    WALLACE MEYASKI, LLC

    /s/ Stacey L. Meyaski
    K. Todd Wallace (Bar #25920)
    todd.wallace@walmey.com
    Stacey LaGraize Meyaski (Bar #27543)
    stacey.meyaski@walmey.com
    5190 Canal Blvd., Suite 102
    New Orleans, Louisiana 70124
    Telephone: (504) 644-2011
    Facsimile:  (504) 644-2010

    AND

    HODGES & FOTY, L.L.P.

    /s/ David W. Hodges
    David W. Hodges **Seeking Pro Hac Vice Admission**
    Texas State Bar No. 00796765
    Dhodges@hftrialfirm.com
    Tina E. Gutierrez **Seeking Pro Hac Vice Admission**
    Texas State Bar No. 24116467
    Tgutierrez@hftrialfirm.com
    4409 Montrose Blvd., Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

    LEAD ATTORNEYS IN CHARGE FOR
    PLAINTIFF AND CLASS MEMBERS